BLD-291                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1388
_____

JUSTICE RASIDEEN ALLAH,
Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON; COMMISSIONER OF NEW
JERSEY DEPARTMENT OF CORRECTIONS; ALFORD KANDELL, Assistant
Administrator New Jersey State Prison; SCHYONERS, Sgt. First Shift Supervisor-New
Jersey State Prison; GROVE/GROVER, Sgt. Second Shift Supervisor - New Jersey State
Prison; K. HARRISON, Senior Correctional Officer - New Jersey State Prison;
NAPARELLA, Senior Correctional Officer - New Jersey State Prison
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-01753)
District Judge:  Honorable Joel A. Pisano
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  July 9, 2014)

_____

OPINION
_____

PER CURIAM

Justice Rasideen Allah, proceeding pro se and in forma pauperis, appeals from the District Court's denial of his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  For the reasons set forth below, we will summarily affirm.[1]

I.

Allah, a New Jersey prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 against various employees and administrators of New Jersey State Prison.  The complaint was dismissed on January 25, 2012, when the District Court granted the defendants' motion to dismiss or for summary judgment.  Allah then filed a motion for reconsideration, which the District Court denied on September 21, 2012.  Allah appealed, and this Court affirmed the District Court's decision in C.A. No. 12-4095.  While this Court's decision was pending, Allah moved in the District Court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3).  The District Court dismissed the motion as moot on November 19, 2013.  Allah moved for reconsideration of that order, and the District Court denied his motion on January 6, 2014.  Allah timely appealed.[2]

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.  We may affirm on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] Our review is limited to the District Court's January 6 order, as Allah's notice of appeal was not filed within thirty days of the entry of any other order.  See Fed. R. App. P. 4(a)(1)(A).  Even though the notice of appeal was received in the District Court on February 10, 2014, it was dated February 4, 2014, and contained two declarations under penalty of perjury that it was true and correct.  Allah also provided a mail receipt indicating that the notice was given to prison authorities for mailing on that date.  Under Houston v. Lack, 487 U.S. 266, 276 (1988), it was therefore timely.

II.

We review an order denying a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). The District Court correctly denied Allah's motion for reconsideration. "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. (citations omitted).

Allah asked for reconsideration of the order dismissing as moot his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In that motion, Allah challenged the District Court's conclusion that he had failed to exhaust his administrative remedies, and he attempted to re-litigate issues already decided by the District Court. We note that this Court affirmed the District Court's grant of summary judgment without addressing whether Allah had exhausted his administrative remedies. Furthermore, the District Court was bound by this Court's decision in C.A. 12-4095, as "[i]t is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985) (citations omitted). Accordingly, we discern no error in the District Court's decision to deny Allah's Rule 59(e) motion.

There being no substantial question presented on appeal, we will summarily affirm.